UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA NIEVES,

        Plaintiff,

vs.                               CASE NO. _____

NIAGARA PORTFOLIO
SOLUTIONS LLC,

        Defendant.
_____/

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, Virginia Nieves is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Niagara Portfolio Solutions LLC is a foreign business corporation organized and existing under the laws of the State of New York with its principal place of business and corporate offices in Niagara Falls, New York.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Plaintiff received the following message on her voice mail on her cellular telephone on or about the date stated:

> October 23, 2014 at 1:50 PM
> Good afternoon, this is Same Day Courier Services. We have a scheduled delivery of legal documents. We will be sending out one of our couriers tomorrow between the hours of 3 and 5. You're going to need to make yourself available with at least one form of valid picture identification. If we can't reach you at your residence, we are now required to attempt service at your listed place of employment. In that process, there would have to be a supervisor or member of your human resources department present to witness the signing. If you do need to reschedule the delivery or just need general information of what legal documents you're being served with, direct all correspondence to the filing party's office, that number is 866-755-9648. Your courier for tomorrow is Paul Murray. His state licensing ID is 626CRW. I appreciate it, we'll see you tomorrow. Thank you.

11. Plaintiff received similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

13. Telephone number 866-755-9648 belongs to Defendant.

14. The telephone messages represent that the messages are from a state-licensed process server employed by "Same Day Courier Services" to serve legal documents on Plaintiff.

15. In truth and in fact, the telephone messages were left by Defendant, a debt collector, who does not employ or contract with process servers to contact consumers or file collection lawsuits against consumers.

16. Defendant failed to inform Plaintiff in the telephone messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's true name.

17. In truth and in fact, Defendant has not filed any lawsuit against Plaintiff.

18. The telephone messages asserted that Defendant had a legal right to sue Plaintiff.

19. In truth and in fact, Defendant cannot legally file collection lawsuits against consumers in the State of Florida because Defendant has not registered as a debt collector with the Florida Office of Financial Regulation as required by Florida Statute section 559.553.  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

20. Defendant knows it did not have the legal right to sue Plaintiff.

21. Defendant falsely impersonates process servers, as part of a collection scheme designed to scare consumers into paying Defendant by misrepresenting to the consumer that a lawsuit has been filed against them.

22. The telephone messages threaten to serve Plaintiff at Plaintiff's place of employment in witness of a supervisor or member of the human resources department if Plaintiff failed to make herself available for service at her residence at the time dictated by Defendant in the telephone messages.

23. Defendant never intended to serve Plaintiff at Plaintiff's place of employment in witness of a supervisor or member of the human resources department if Plaintiff failed to make herself available for service at her residence at the time dictated by Defendant in the telephone messages.

24. The telephone messages create a false sense of urgency by threatening to serve Plaintiff at Plaintiff's place of employment in witness of a supervisor or member of the human resources department if Plaintiff failed to make herself available for service at her residence at the time dictated by Defendant in the telephone messages.

25. Defendant's actions alleged herein were intentional.

## COUNT I
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

26. Plaintiff incorporates Paragraphs 1 through 16 and 25 above as if fully set forth herein.

27. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C. § 1692d(6). *See* <u>Valencia v The Affiliated Group, Inc.</u>, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs</u>., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### FALSE REPRESENTATION IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(1)

28. Plaintiff incorporates Paragraphs 1 through 16 and 25 above as if fully set forth herein.

29. Defendant falsely represented or implied that it was vouched for, bonded by, or affiliated with any State in violation of 15 U.S.C. § 1692e(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

30. Plaintiff incorporates Paragraphs 1 through 15, 17 through 20, 24, and 25 above as if fully set forth herein.

31. Defendant falsely represented the character or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE REPRESENTATION OF SERVICES RENDERED
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)

32. Plaintiff incorporates Paragraphs 1 through 16, 23, and 25 above as if fully set forth herein.

33. Defendant falsely represented the services rendered by the Defendant in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

34. Plaintiff incorporates Paragraphs 1 through 13 and 22 through 25 above as if fully set forth herein.

35. Defendant threatened to take an action that it did not intend to take in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
### FALSE REPRESENTATIONS OR DECEPTIVE MEANS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

36. Plaintiff incorporates Paragraphs 1 through 25 above as if fully set forth herein.

37. Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VII
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## IN VIOLATION OF 15 U.S.C. § 1692e(11)

38. Plaintiff incorporates Paragraphs 1 through 16 and 25 above as if fully set forth herein.

39. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VIII
## USE OF FALSE NAME
## IN VIOLATION OF 15 U.S.C. § 1692e(14)

40. Plaintiff incorporates Paragraphs 1 through 16 and 25 above as if fully set forth herein.

41. Defendant used a business, company, or organization name other than a true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(14).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IX
## SIMULATING LAW ENFORCEMENT OR GOVERNMENT
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(1)

42. Plaintiff incorporates Paragraphs 1 through 16 and 25 above as if fully set forth herein.

43. Defendant simulated in any manner a law enforcement officer or a representative of any governmental agency in violation of Fla. Stat. § 559.72(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT X
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

44. Plaintiff incorporates Paragraphs 1 through 25 above as if fully set forth herein.

45. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT XI
## ASSERTION OF LEGAL RIGHT KNOWN NOT TO EXIST
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

46. Plaintiff incorporates Paragraphs 1 through 13, 18 through 20, and 25 above as if fully set forth herein.

47. Defendant asserted the existence of a legal right when Defendant knew the right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT XII
## FALSE SIMULATION
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(10)

  48. Plaintiff incorporates Paragraphs 1 through 16, and 25 above as if fully set forth herein.

  49. Defendant used communications which simulated in any manner legal or judicial process or which gave the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it was not in violation of Fla. Stat. § 559.72(10).

  **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina  
[X] James S. Giardina – Trial Counsel  
Fla. Bar No. 0942421  
[ ] Kimberly H. Wochholz  
Fla. Bar No. 0092159  
**The Consumer Rights Law Group, PLLC**  
3104 W. Waters Avenue, Suite 200  
Tampa, Florida 33614-2877  
Tel: (813) 435-5055 ext 101  
Fax: (866) 535-7199  
James@ConsumerRightsLawGroup.com  
Kim@ConsumerRightsLawGroup.com  
*Counsel for Plaintiff*