**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VIRGINIA NIEVES,

Plaintiff,

v. CASE NO. 8:15-cv-2489-T-30EAJ

NIAGARA PORTFOLIO SOLUTIONS, LLC,

Defendant.

_____________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 9). The Court has reviewed Plaintiff's complaint and the relevant law and concludes, for the reasons discussed below, that the motion should be granted in part.

On October 22, 2015, Plaintiff filed her complaint alleging that Defendant tried to collect a debt in violation the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") (Dkt. 1). On March 1, 2016, a Clerk's default was entered against Defendant (Dkt. 8). Plaintiff now moves for a default final judgment and seeks statutory damages in the amount of $2,000.00—$1,000.00 under the FDCPA and $1,000.00 under the FCCPA. The Court agrees that default judgment is warranted. The requested damages, however, are unreasonable and will be reduced.

**The Default Judgment Standard**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate “against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue.” *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide “a sufficient basis in the pleadings for the judgment entered.” *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A “sufficient basis” means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine “whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

**Default Judgment Against Defendant is Warranted**

Plaintiff's complaint alleges violations of the FDCPA, a federal law that authorizes a private cause of action. 15 U.S.C. § 1692k. The complaint also alleges violations of the FCCPA, a Florida law aimed at the same conduct prohibited by the federal law. Accordingly, the Court has jurisdiction over both the federal and the state-law claims. *See* 28 U.S.C. § 1367.

Moreover, the complaint alleges claims for which relief may be granted by stating well-pleaded facts that, if true, would prove that Defendant violated both laws. It alleges that Defendant is a "debt-collector" as defined by both laws. It alleges that Defendant was acting as a debt collector for a debt owed by Plaintiff. It further alleges that Defendant left Plaintiff voicemails concerning Plaintiff's debt. And finally, the complaint alleges that the voicemails violated the laws in several respects: (1) by failing to make required disclosures; (2) by misrepresenting the caller's affiliation with a state agency; (3) by misrepresenting the status of the debt; (4) by misrepresenting the services provided by Defendant; and (5) by threatening to take prohibited collection action—that is, showing up at Plaintiff's place of employment.

The FDCPA imposes liability on "any debt collector who fails to comply with any provision of this [law]." 15 U.S.C. § 1692k. One such provision concerns the use of false representations in the collection of a debt. 15 U.S.C. § 1692e. And the FCCPA similarly

imposes civil liability on "[a]ny person who fails to comply with any provision of [the law]." Fla. Stat. § 559.77. One provision prohibits attempts or threats to communicate with a debtor's employer before a court judgment is entered. Fla. Stat. § 559.72(4). Plaintiff's complaint "allows the court to draw the reasonable inference that the defendant is liable" under these provisions of the laws. *See Surtain*, 789 F.3d at 1245 (internal citations omitted). Default Judgment will be granted.

As for damages, both the federal and state law permit the Court to exercise its discretion and award statutory damages, "but not exceeding $1,000." 15 U.S.C. § 1692k; Fla. Stat. § 559.77. Plaintiff's request to be awarded this top end of damages is unreasonable. According to her complaint, Plaintiff received some unwanted and dishonest voicemails. While that conduct is a violation of the law, it is hardly a violation justifying the harshest statutory damages available to the Court. Plaintiff will be awarded $100 under the FDCPA and $100 under the FCCPA.

It is ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Dkt. 9) is GRANTED.

2. The Clerk is directed to enter Final Judgment in favor of Plaintiff and against Defendant in the amount of $200 and let execution issue for that amount. This amount shall accrue post-judgment interest at the statutory rate.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

4. The Court reserves jurisdiction on an award of attorney's fees and costs.

5. Plaintiff shall file any motion for attorney's fees and costs within fourteen (14) days of this Order's entry.

DONE AND ORDERED at Tampa, Florida on this 15th day of March, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record